1  BILAL A. ESSAYLI
   Acting United States Attorney
2  JOSEPH T. MCNALLY
   Assistant United States Attorney
3  Acting Chief, Criminal Division
   KALI M. YALLOURAKIS (Cal. Bar No. Pending)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2426
7       Facsimile: (213) 894-0141
        E-mail:   kali.yallourakis@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10

11                    UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No.  2:25-cr-00842-RGK

14           Plaintiff,                PLEA AGREEMENT FOR DEFENDANT
                                       ILIE CAUNI
15              v.

16  ILIE CAUNI,

17           Defendant.

18

19       1.   This constitutes the plea agreement between ILIE CAUNI

20  ("defendant") and the United States Attorney's Office for the Central

21  District of California (the "USAO") in the above-captioned case.

22  This agreement is limited to the USAO and cannot bind any other

23  federal, state, local, or foreign prosecuting, enforcement,

24  administrative, or regulatory authorities.

25                    DEFENDANT'S OBLIGATIONS

26       2.   Defendant agrees to:

27            a.   Give up the right to indictment by a grand jury and,

28  at the earliest opportunity requested by the USAO and provided by the

FILED
CLERK, U.S. DISTRICT COURT
10/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___RYO___ DEPUTY

CWK

Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Unlawful Use of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(2).

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement.

   d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

   h. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

   i. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all

1  of the documents requested therein, to the USAO by either email at

2  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

3  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

4  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

5  criminal debt shall be assessed based on the completed Financial

6  Disclosure Statement and all required supporting documents, as well

7  as other relevant information relating to ability to pay.

8          j.    Authorize the USAO to obtain a credit report upon

9  returning a signed copy of this plea agreement.

10         k.    Consent to the USAO inspecting and copying all of

11  defendant's financial documents and financial information held by the

12  United States Probation and Pretrial Services Office.

13         l.    Defendant understands that the government obtained

14  additional material in this investigation that defendant has not been

15  shown. In exchange for the government's obligations under this

16  agreement, defendant gives up any right he may have had to review the

17  additional material, regardless of whether it is arguably exculpatory

18  or inculpatory, and further agrees to waive any argument that the

19  withholding of this material caused defendant's plea to be not

20  knowing or involuntary. The government agrees not to use at

21  sentencing any of the withheld material without providing it to

22  defendant.

23      3.    Defendant further agrees:

24         a.    Not to contest any administrative forfeiture

25  proceedings or civil judicial proceedings commenced against the

26  $1,660 seized from the defendant on or about September 2, 2025 (the

27  "Forfeitable Property").  If defendant submitted a claim and/or

28  petition for remission for all or part of the Forfeitable Property on

1    behalf of himself or any other individual or entity, defendant shall

2    and hereby does withdraw any such claims or petitions, and further

3    agrees to waive any right he may have to seek remission or mitigation

4    of the forfeiture of the Forfeitable Property.  Defendant further

5    waives any and all notice requirements of 18 U.S.C.

6    § 983(a)(1)(A).

7         b.    Not to assist any other individual in any effort

8    falsely to contest the forfeiture of the Forfeitable Property.

9         c.    Not to claim that reasonable cause to seize the

10   Forfeitable Property was lacking.

11        d.    To prevent the transfer, sale, destruction, or loss of

12   the Forfeitable Property to the extent defendant has the ability to

13   do so.

14        e.    That forfeiture of Forfeitable Property shall not be

15   counted toward satisfaction of any special assessment, fine,

16   restitution, costs, or other penalty the Court may impose.

                    THE USAO'S OBLIGATIONS

17

18   4.    The USAO agrees to:

19        a.    Not contest facts agreed to in this agreement.

20        b.    Abide by all agreements regarding sentencing contained

21   in this agreement.

22        c.    At the time of sentencing, provided that defendant

23   demonstrates an acceptance of responsibility for the offense up to

24   and including the time of sentencing, recommend a two-level reduction

25   in the applicable Sentencing Guidelines offense level, pursuant to

26   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

27   additional one-level reduction if available under that section.

28

                            4

d.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. §§ 1028A and 1344 arising out of defendant's conduct described in the agreed-upon factual basis set forth in paragraph 11 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

<u>NATURE OF THE OFFENSE</u>

5.    Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Unlawful Use of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(2), the following must be true: (1) defendant knowingly used the unauthorized access devices at any time during a one-year period; (2) by using the unauthorized access devices during that period, the defendant obtained things of value, their value together totaling $1,000 or more; (3) defendant acted with the intent to defraud; and (4) defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.  An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

<u>PENALTIES AND RESTITUTION</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1029(a)(2), as charged in the single-count information, is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties currently believe that the applicable amount of restitution is approximately $1,660, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay

1  removal, removal is presumptively mandatory and a virtual certainty

2  in this case.  Defendant further understands that removal and

3  immigration consequences are the subject of a separate proceeding and

4  that no one, including his attorney or the Court, can predict to an

5  absolute certainty the effect of his conviction on his immigration

6  status.  Defendant nevertheless affirms that he wants to plead guilty

7  regardless of any immigration consequences that his plea may entail,

8  even if the consequence is automatic removal from the United States.

9                                FACTUAL BASIS

10      11.  Defendant admits that defendant is, in fact, guilty of the

11  offense to which defendant is agreeing to plead guilty.  Defendant

12  and the USAO agree to the statement of facts provided below and agree

13  that this statement of facts is sufficient to support a plea of

14  guilty to the charge described in this agreement and to establish the

15  Sentencing Guidelines factors set forth in paragraph 13 below but is

16  not meant to be a complete recitation of all facts relevant to the

17  underlying criminal conduct or all facts known to either party that

18  relate to that conduct.

19      On or about September 2, 2025, in Los Angeles County, within the

20  Central District of California, defendant knowingly and with intent

21  to defraud used unauthorized access devices, and by such conduct

22  obtained things of value aggregating at least $1,000 during the

23  preceding one-year period, with said use having an effect on

24  interstate commerce.

25      Specifically, on that date, defendant utilized stolen Electronic

26  Benefit Transfer ("EBT") account information and corresponding

27  personal identification numbers ("PINs") to withdraw approximately

28  $1,660 in funds from numerous EBT bank accounts without the account

holder's authorization.  Defendant made the withdrawals from
Automated Teller Machines ("ATMs") owned by Target Bank, which
affected interstate commerce.  Further, on August 1 through 3, and
September 1, 2025, defendant conducted withdrawals from a total of
approximately 54 California EBT card numbers totaling approximately
$54,260.  At all times, defendant knew that the victims' EBT account
information and PINs did not belong to him, and that such information
was cloned onto debit, credit or gift cards by altering the account
information on those cards' magnetic stripes.  Defendant then
utilized the cloned cards to withdraw funds from victims' EBT
accounts.  In using the EBT accounts and cards in such a manner,
defendant's conduct affected interstate commerce.

At the time of the offense, defendant possessed at least 20
fraudulently encoded EBT cards, which were unlawfully produced from,
or obtained by the use of, another means of identification, namely
the names and PINs of victims.  By possessing over 20 victims' EBT
account information, defendant's conduct targeted a vulnerable
population needing government assistance, involved 20 or more
victims, and resulted in substantial financial hardship to one or
more victims.

SENTENCING FACTORS

12.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Specific Offense Characteristics: | | |
| - Intended Loss More than $40,000 | +6 | U.S.S.G. § 2B1.1(b)(1)(D) |
| - 10 or more victims or involved substantial financial hardship to one or more victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |
| - Offense involved possession or use of authentication feature | +2 | U.S.S.G. §2B1.1(b)(11)(A)(ii) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  These specific offense characteristics may include additional offense levels from the table in U.S.S.G. § 2B1.1.

14.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

1  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

2  (a)(2), (a)(3), (a)(6), and (a)(7).

3  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

4     16.   Defendant understands that by pleading guilty, defendant

5  gives up the following rights:

6          a.   The right to persist in a plea of not guilty.

7          b.   The right to a speedy and public trial by jury.

8          c.   The right to be represented by counsel -- and if

9  necessary have the Court appoint counsel -- at trial.  Defendant

10 understands, however, that, defendant retains the right to be

11 represented by counsel -- and if necessary have the Court appoint

12 counsel -- at every other stage of the proceeding.

13         d.   The right to be presumed innocent and to have the

14 burden of proof placed on the government to prove defendant guilty

15 beyond a reasonable doubt.

16         e.   The right to confront and cross-examine witnesses

17 against defendant.

18         f.   The right to testify and to present evidence in

19 opposition to the charges, including the right to compel the

20 attendance of witnesses to testify.

21         g.   The right not to be compelled to testify, and, if

22 defendant chose not to testify or present evidence, to have that

23 choice not be used against defendant.

24         h.   Any and all rights to pursue any affirmative defenses,

25 Fourth Amendment or Fifth Amendment claims, and other pretrial

26 motions that have been filed or could be filed.

27

28

1          <u>WAIVER OF APPEAL OF CONVICTION</u>

2     17.   Defendant understands that, with the exception of an appeal

3  based on a claim that defendant's guilty plea was involuntary, by

4  pleading guilty defendant is waiving and giving up any right to

5  appeal defendant's conviction on the offense to which defendant is

6  pleading guilty.  Defendant understands that this waiver includes,

7  but is not limited to, arguments that the statute to which defendant

8  is pleading guilty is unconstitutional, and any and all claims that

9  the statement of facts provided herein is insufficient to support

10  defendant's plea of guilty.

11       <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

12     18.   Defendant agrees that, provided the Court imposes a total

13  term of imprisonment within or below the range corresponding to an

14  offense level of 13 and the criminal history category calculated by

15  the Court, defendant gives up the right to appeal all of the

16  following: (a) the procedures and calculations used to determine and

17  impose any portion of the sentence; (b) the term of imprisonment

18  imposed by the Court; (c) the fine imposed by the Court, provided it

19  is within the statutory maximum; (d) to the extent permitted by law,

20  the constitutionality or legality of defendant's sentence, provided

21  it is within the statutory maximum; (e) the amount and terms of any

22  restitution order, provided it requires payment of no more than

23  $1,660; (f) the term of probation or supervised release imposed by

24  the Court, provided it is within the statutory maximum; and (g) any

25  of the following conditions of probation or supervised release

26  imposed by the Court: the conditions set forth in Second Amended

27  General Order 20-04 of this Court; the drug testing conditions

28

1  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

2  drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

3      19.   The USAO agrees that, provided (a) all portions of the

4  sentence are at or below the statutory maximum specified above and

5  (b) the Court imposes a term of imprisonment within or above the

6  range corresponding to an offense level of 13 and the criminal

7  history category calculated by the Court, the USAO gives up its right

8  to appeal any portion of the sentence, with the exception that the

9  USAO reserves the right to appeal the amount of restitution ordered

10 if that amount is less than $1,660.

11     WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

12     20.   Defendant agrees that: (i) any statements made by

13 defendant, under oath, at the guilty plea hearing; (ii) the agreed to

14 factual basis statement in this agreement; and (iii) any evidence

15 derived from such statements, shall be admissible against defendant

16 in any action against defendant, and defendant waives and gives up

17 any claim under the United States Constitution, any statute, Rule 410

18 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

19 Criminal Procedure, or any other federal rule, that the statements or

20 any evidence derived from the statements should be suppressed or are

21 inadmissible.

22     Defendant further agrees that this paragraph of the agreement is

23 severable.  Thus, defendant's waivers are binding and effective even

24 if, subsequent to defendant's signing this agreement, defendant

25 declines to plead guilty, the Court declines to accept his guilty

26 plea, or, if this agreement is of the type described in Federal Rule

27 of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects

28 this agreement.  Defendant also agrees that his waivers are binding

13

and effective even if some other portion of this agreement is found
to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

21.  Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22.  Defendant agrees that if the count of conviction is
vacated, reversed, or set aside, both the USAO and defendant will be
released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

14

<u>BREACH OF AGREEMENT</u>

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. If defendant fails to appear and plead guilty to the single-count information provided for this in plea agreement or if the Court finds any other knowing breach of this agreement by defendant, then:

a. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

1  evidence derived from the statements should be suppressed or are

2  inadmissible; and

3          b.   Should the USAO choose to pursue any charge that was

4  either dismissed or not filed as a result of this agreement:

5               i.   Defendant agrees that any applicable statute of

6  limitations is tolled between the date of defendant's signing of this

7  agreement and the filing commencing any such action; and

8               ii.  Defendant waives and gives up all defenses based

9  on the statute of limitations, any claim of pre-indictment delay, or

10 any speedy trial claim with respect to any such action, except to the

11 extent that such defenses existed as of the date of defendant's

12 signing this agreement.

13          COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

14                       OFFICE NOT PARTIES

15      26.   Defendant understands that the Court and the United States

16 Probation and Pretrial Services Office are not parties to this

17 agreement and need not accept any of the USAO's sentencing

18 recommendations or the parties' agreements to facts or sentencing

19 factors.

20      27.   Defendant understands that both defendant and the USAO are

21 free to: (a) supplement the facts by supplying relevant information

22 to the United States Probation and Pretrial Services Office and the

23 Court, (b) correct any and all factual misstatements relating to the

24 Court's Sentencing Guidelines calculations and determination of

25 sentence, and (c) argue on appeal and collateral review that the

26 Court's Sentencing Guidelines calculations and the sentence it

27 chooses to impose are not error, although each party agrees to

28 maintain its view that the calculations in paragraph 13 are

16

consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

1        <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        30.    The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   BILAL A. ESSAYLI
    Acting United States Attorney

9

10  _____          10/17/2025
    KALI M. YALLOURAKIS                   Date
11  Assistant United States Attorney

12  _____          10/16/2025
    ILIE CAUNI                           Date
13  Defendant

14  _____          10/16/2025
    JAYA GUPTA                           Date
15  Attorney for Defendant
    ILIE CAUNI
16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in Romanian, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          10/16/2025
ILIE CAUNI                                Date
Defendant

19

## CERTIFICATION OF INTERPRETER

I, _____Val Monafu_____, am fluent in the written and spoken English and Romanian languages. I accurately translated this entire agreement from English into Romanian to defendant ILIE CAUNI on this date.

_____          10/16/2025
INTERPRETER                                Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ILIE CAUNI's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          10/16/25
JAYA GUPTA                                 Date
Attorney for Defendant
ILIE CAUNI

# EXHIBIT A

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          No.

11           Plaintiff,                 I N F O R M A T I O N

12           v.                         [18 U.S.C. § 1029(a)(2): Unlawful
                                        Use of Unauthorized Access
13   ILIE CAUNI,                        Devices; 18 U.S.C. §§ 982, 1029:
                                        Criminal Forfeiture]
14           Defendant.

15

16      The Acting United States Attorney charges:

17                   [18 U.S.C. § 1029(a)(2)]

18      On or about September 2, 2025, in Los Angeles County, within the

19   Central District of California, defendant ILIE CAUNI ("CAUNI"),

20   knowingly and with intent to defraud, used unauthorized access

21   devices (as defined in Title 18, United States Code, Sections

22   1029(e)(1) and (3)), namely, Electronic Benefit Transfer ("EBT")

23   account numbers belonging to persons other than defendant CAUNI, and

24   by such conduct obtained things of value aggregating at least $1,000

25   during a one-year period, with said use having an effect on

26   interstate and foreign commerce.

27

28

FORFEITURE ALLEGATION

[18 U.S.C. §§ 982 and 1029]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offense set forth in this Information.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b)   Any personal property used or intended to be used to commit the offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has

2

1   been commingled with other property that cannot be divided without

2   difficulty.

3

4                                    BILAL A. ESSAYLI
                                     Acting United States Attorney

5
                                     JOSEPH T. MCNALLY
6                                    Assistant United States Attorney
                                     Acting Chief, Criminal Division
7

8

9                                    FRANCES S. LEWIS
                                     Assistant United States Attorney
10                                   Chief, General Crimes Section

11                                   KYLE W. KAHAN
                                     Assistant United States Attorney
12                                   Deputy Chief, General Crimes
                                     Section
13
                                     KALI M. YALLOURAKIS
14                                   Assistant United States Attorney
                                     General Crimes Section
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     3